Stephen D. Raber (State Bar No. 121958)
Kaitlin D. Wetz (State Bar No. 330237)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC  20024
Telephone: (202) 434-5000
Fax: (202) 434-5029
E-mail: sraber@wc.com
E-mail: kwetz@wc.com

*Attorneys for Defendant, Mars, Inc.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| ANNETTE CODY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARS, INC.,<br><br>　　　　　Defendant. | Case No. 2:25-CV-12011<br><br>**DEFENDANT MARS, INC.'S NOTICE OF REMOVAL**<br><br>[Removed from Superior Court of Los Angeles, Case No. 25STCV29071] |

**PLEASE TAKE NOTICE** that Defendant Mars, Incorporated ("Mars") hereby removes this action, Case No. 25STCV29071, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California under 28 U.S.C. § 1441(a) (removal of civil actions).  Removal is proper under 28 U.S.C. § 1332(a) because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.  This removal comports with 28 U.S.C. § 1446 (procedure for removal of civil actions).  In further

support of this Notice of Removal, Mars provides the following non-exhaustive summary of the grounds for removal:

### REMOVAL IS TIMELY

1.    On October 6, 2025, Plaintiff Annette Cody commenced this action against Mars by filing a complaint in the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV29071.  Plaintiff served the Complaint on November 24, 2025.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) (requiring the filing of notice of removal within 30 days of service).  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that service triggers the 30-day period in which to file notice of removal).

### VENUE IS PROPER

2.    Venue is proper in this Court because the Central District of California, Western Division is "the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### DIVERSITY JURISDICTION EXISTS

3.    Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  Those requirements are satisfied here.

### DIVERSITY OF CITIZENSHIP

4.    Upon information and belief, Plaintiff is a citizen of California.  (*See* Compl. ¶ 4).  Mars is a corporation, so its citizenship is determined by the state where it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Mars is organized under the laws of Delaware with its principal place of business in Virginia.  Thus, Mars is a citizen of Delaware and Virginia.

5.    Because Plaintiff and Mars are citizens of different states, the diversity of citizenship requirement is met.  28 U.S.C. §§ 1332(a), 1332(c)(1).

## **AMOUNT IN CONTROVERSY**

6.     A notice of removal only needs to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).  However, if the plaintiff contests, or the Court questions, the defendant's allegations, the removing party may submit evidence establishing the amount in controversy.  *See id.*; 28 U.S.C. § 1446(c)(2)(B).  To determine whether the jurisdictional threshold is satisfied, the Court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

7.     The amount in controversy is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  Where, as here, a plaintiff seeks injunctive relief, the pecuniary value of such relief is included in the amount in controversy.  *Fritsch v. Swift Transportation Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  The value of an injunction may be assessed from "either viewpoint," that is, the amount that either party can gain or lose from the issuance of the injunctive relief.  *In re Ford Motor Co./Citibank (So. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).  Thus, the amount in controversy threshold is satisfied when "the potential cost to the defendant of complying with [an] injunction exceeds [$75,000]." *Id.*; *see also Rodriguez v. Foot Locker Corp. Servs., Inc.*, 2020 WL 6818448, at *2–3 (C.D. Cal. Nov. 20, 2020) (applying the "either viewpoint" rule in a putative class action).

8.     Here, Plaintiff seeks an injunction requiring Mars "to add a conspicuous 'fill line' to the front of the Product's packaging."  (Compl. Prayer for Relief ¶ A). Mars denies any liability based on Plaintiff's alleged claims.  However, if Plaintiff were successful, Mars would need to spend more than $75,000 to comply with the requested injunctive relief.  Mars would need to dispose of its current packaging

inventory, destroy its currently-packaged finished goods inventory, design new packaging to accommodate a "fill line," purchase redesigned packaging, and then purchase enough of that new packaging to compensate for the destroyed finished goods inventory. All total, the costs to complete these tasks would easily exceed $300,000. (*See* Exhibit A, Declaration of Matthew Trout ("Trout Decl.") ¶ 5). Accordingly, because the cost to Mars of complying with the injunctive relief exceeds $75,000, the amount in controversy requirement is satisfied. *See In re Ford*, 264 F.3d at 958.

9.      Plaintiff's Complaint contains an allegation purporting to limit the amount in controversy. (Compl. ¶ Prayer for Relief). Plaintiff asks Mars to change only its packaging in California. (*Id.*) But it is both commercially impractical and logistically infeasible to create packaging for just one state. (Trout Decl. ¶ 6). Accordingly, to comply with the injunctive relief, Mars would have to redesign its packaging nationwide. (*See id.*).

10.      Nor does any rule against aggregation apply here. *See, e.g.*, *Enriquez v. Sirius XM Radio, Inc.*, No. 1:21-CV-1240, 2022 WL 4664144, at *4 (E.D. Cal. Sept. 30, 2022). *Enriquez* held that the "either viewpoint rule" did not apply because "Enriquez [wa]s *only* pursuing public injunctive relief under the UCL and CLRA." *Id.* at *4 (emphasis added). Because those statutory claims, "are akin to a class action," *id.* at *2, the court held that the "costs of the injunction to [the defendant] [could] not be aggregated and the administrative costs to [the defendant] [could] not be considered." *Id.* at *5. This case differs materially from *Enriquez* and similar cases for two reasons.

11.      First, Plaintiff also alleges a claim for "common law fraud." (Compl. ¶¶ 33–38). Common law fraud, by its very nature, is a claim that is personal to Plaintiff and cannot be deemed "akin to a class action." *See Enriquez*, 2022 WL 4664144, at *4. The Complaint even acknowledges this distinction, referring to

Plaintiff's "dual motivations" to "create[] public benefit," while at the same time protecting her own interest in purchasing, consuming, and enjoying a product that meets "plaintiff's expectations." (Compl. ¶¶ 17–19). Plaintiff seeks injunctive relief based on her common law fraud claim, *see* (Compl. ¶ Prayer for Relief) (asking "for judgment and relief on all causes of action"), so that Plaintiff will be able to personally purchase the product again in the future. (Compl. Prayer for Relief ¶ A; *id.* ¶ 4). Thus, there is no need for Mars to aggregate claims to reach the $75,000 threshold—the literal cost of compliance with the injunction that Plaintiff seeks on her own behalf exceeds $75,000. (*See* Ex. A, Trout Decl. ¶ 5).

11. Second, this is a single-plaintiff case—Plaintiff brings claims only on behalf of herself and has not yet asserted claims on behalf of a class, (Compl. ¶ 32), and the Ninth Circuit has never extended the non-aggregation rule to cases like this one that involve a single plaintiff. *Accord Myers v. Merrill Lynch & Co., Inc.*, No. C-98-3532, 1999 WL 696082, at *5 (N.D. Cal. Aug. 23 1999) (rejecting argument that non-aggregation rule applies in single plaintiff case); *Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925, 928 (N.D. Cal. 1992) (similar). Accordingly, the non-aggregation rule does not apply.

12. Separately, Plaintiff also seeks attorneys' fees. (Compl. ¶ Prayer for Relief). Attorneys' fees may be included in the amount in controversy where they are authorized by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Plaintiff asserts that Mars has violated the California Consumers Legal Remedies Act (the "CLRA"). (Compl. ¶¶ 39–47). The CLRA authorizes the Court to award court costs and attorneys' fees to a prevailing plaintiff. Cal. Civ. Code § 1780(e). Accordingly, Plaintiff's attorneys' fees may be included when calculating the amount in controversy.

13. Because the Notice of Removal and accompanying evidence establish (1) that it would cost Mars more than $300,000 to comply with the requested

injunctive relief, and (2) Plaintiff's attorneys' fees are also included in the amount in controversy calculation, the jurisdictional threshold is met.

## **CONCLUSION**

14.    Based on the foregoing, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

15.    Pursuant to 28 U.S.C. § 1446(a), Mars attaches as Exhibit B copies of all process, pleadings, and orders filed in the Superior Court of the State of California, County of Los Angeles.

16.    In accordance with 28 U.S.C. § 1446(d), Mars will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and provide written notice to Plaintiff.  *See* Ex. C.

Dated: December 19, 2025

Respectfully submitted,

By: */s/ Kaitlin D. Wetz*
Stephen D. Raber (State Bar No. 121958)
Kaitlin D. Wetz (State Bar No. 330237)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Fax: (202) 434-5029
E-mail: sraber@wc.com
E-mail: kwetz@wc.com

*Attorneys for Defendant Mars, Incorporated*